IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TODD ROY GIBBONS**, | Case No. 2:14-cv-00709-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **CAROLYN W. COLVIN**, Acting Commissioner of Social Security, **DONNA LEE**, **NATALIE Q.**, **SEAN HAMMACK**, **NORMA PRITCHARD**, **AMY BEYER**, **VALENTINO PLUMMER**, **CHRISTINE DARBY**, **MRS. MARTINEZ**, **RICHARD ALLEY, M.D.**, **JOSHUA BOYD**, **BETHANY ROBINSON**, **DEPARTMENT OF HUMAN SERVICES**, **CORI NAVARRO**, **MARIA MENDOZA**, **DENISE**, **ERICA**, **LLOYD E. HARTFORD**, **DAVID E. CLARK**, **DAVID R. STARR, PH.D.**, **MICHAEL O. SANT, M.D.**, **ELLEN F. ROSENBLUM**, **AGING AND PEOPLE WITH DISABILITIES**, **SAMARITAN HEALTH PHYSICIANS MID-VALLEY MEDICAL PLAZA, CATHOLIC HEALTH INITIATIVES**, | |
| Defendants. | |

Todd Roy Gibbons, P.O. Box 141, Ontario, OR 97914. *Pro se*.

**Michael H. Simon, District Judge.**

Plaintiff Todd Roy Gibbons ("Gibbons"), proceeding *pro se*, brings this action to: (1) challenge a future action of the Social Security Administration ("SSA") relating to Gibbons' application for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act; and (2) allege claims under the Federal Tort Claims Act ("FTCA"). Gibbons'

PAGE 1 – OPINION AND ORDER

Complaint lists as defendants: Carolyn W. Colvin, Donna Lee, Natalie Q., Sean Hammack, Norma Pritchard, Amy Beyer, Valentino Plummer, Christine Darby, Mrs. Martinez, Richard Alley, M.D., Joshua Boyd, Bethany Robinson, Department of Human Services, Cori Navarro, Maria Mendoza, Denise, Erica, Lloyd E. Hartford, David E. Clark, David R. Starr, Ph.D., Michael O. Sant, M.D., Ellen F. Rosenblum, Aging and People with Disabilities, Samaritan Health Physicians Mid-Valley Medical Plaza, and Catholic Health Initiatives (collectively "Defendants"). *Id.* Service of process has not yet occurred.

Gibbons also filed an application to proceed *in forma pauperis*, a motion to grant temporary relief, and a motion to supplement the record and amend his Complaint. For the reasons stated below, the Court: (1) grants Gibbons' motion to proceed *in forma pauperis* (ECF 1); (2) dismisses with prejudice Gibbons' claims against defendants Lloyd E. Hartford, David E. Clark, and Ellen F. Rosenblum (ECF 2); (3) dismisses without prejudice and with leave to amend Gibbons' claims against all remaining Defendants (ECF 2); (4) denies as moot Gibbons' motion to grant temporary relief (ECF 3); and (5) grants in part and denies in part Gibbons' motion to supplement record and amend (ECF 4).

## STANDARDS

"Federal courts are courts of limited jurisdiction" and there is a presumption "that a cause [of action] lies outside this limited jurisdiction[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Fed. R. Civ. P. 12(h)(3); *see Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004), *cert. denied*, 544 U.S. 1018 (2005); *see Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039-40 n.2 (9th Cir. 2003), *cert. denied*, 541 U.S. 1009 (2004). "In a facial

PAGE 2 – OPINION AND ORDER

attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039.

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Jackson v. State of Arizona*, 885 F.2d 881, 882 (9th Cir. 1989). A complaint is frivolous "where it lacks an arguable basis either in law or fact." *Neitzke*, 490 U.S. at 325; *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 882 (9th Cir. 1991); *Jackson*, 885 F.2d at 640.

A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "Defective allegations of jurisdiction may be amended, upon terms, in trial or appellate courts." 28 U.S.C. § 1653. "A *pro se* litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds by statute as recognized in Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)). Under Federal Rule of Civil Procedure 8(a)(2), however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'"

PAGE 3 – OPINION AND ORDER

but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## BACKGROUND

Gibbons brings suit against Carolyn W. Colvin, Acting Commissioner of the SSA ("the Commissioner"), the Oregon Department of Human Services, Administrative Law Judges Lloyd E. Hartford ("ALJ Hartford") and David E. Clark ("ALJ Clark"), Oregon Attorney General Ellen F. Rosenblum, and 20 organizations and individually-named defendants allegedly acting as employees or agents of the SSA.[1] In his *pro se* Complaint, Gibbons: (1) challenges the decision of the Commissioner to grant Gibbons SSI benefits but review that award of benefits in six to 18 months to determine whether Gibbons is still disabled; and (2) seeks damages from the United States, the SSA, and the State of Oregon pursuant to the FTCA, 28 U.S.C. §§ 1346(b) and 2671 through 2680.

## DISCUSSION

**A. Social Security Act Claim**

Congress may prescribe the procedures and conditions under which the federal courts may review administrative decisions. *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336

---

[1] The "parties to [the] complaint" are listed in the first three pages of Gibbons' Complaint. Pl.'s Compl., ECF 2 at 3-5. Gibbons lists some individuals and organizations multiple times. Moreover, based on the content of Gibbons' Complaint, the Court believes that the claims against all listed Defendants are encompassed within Gibbons' allegations under the Social Security Act and the Federal Tort Claims Act. To the extent any Defendants mentioned in the Complaint are not properly listed, Gibbons has leave to amend and refile his Complaint consistent with the Court's Opinion and Order.

(1958). Further, "[u]nder settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain suit." *United States v. Dalm*, 494 U.S. 596, 608 (1990) (second alteration in original) (citations and quotation marks omitted); *Hercules, Inc. v. United States*, 516 U.S. 417, 422 (1996). "Where sovereign immunity is waived, any suit must comply with the terms of the statutory waiver of immunity." *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

Congress has expressly provided the limited circumstances under which an individual may bring suit against the SSA, as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). This provision is the sole jurisdictional basis for judicial review of any claim arising under the Social Security Act. 42 U.S.C. § 405(h).

Section 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of the [Commissioner] made after a hearing.'" *Califano v. Sanders*, 430 U.S. 99, 108 (1977); *see Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003). A final judgment consists of two elements: (1) "presentment of the claim to the Commissioner"; and (2) "complete exhaustion of administrative remedies." *Kildare*, 325 F.3d at 1082; *see Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1992);

Under the SSA's regulations, an individual who is dissatisfied with the SSA's initial determination must seek administrative reconsideration within 60 days, absent "good cause" for

PAGE 5 – OPINION AND ORDER

late filing. 20 C.F.R. § 416.1409. An individual dissatisfied with a reconsidered determination similarly must seek an administrative hearing within 60 days, absent "good cause" for late filing. 20 C.F.R. §§ 416.1430, 416.1433. An individual who remains dissatisfied after an administrative hearing decision must file a timely request for Appeals Council review of the decision. 20 C.F.R. §§ 416.1467-68. If such review is sought, the Appeals Council "will make a decision or remand the case to an administrative law judge" for further administrative proceedings. 20 C.F.R. § 416.1479; *see also* 20 C.F.R. § 416.1477(a) ("The Appeals Council may remand a case to an administrative law judge so that he or she may hold a hearing and issue a decision or a recommended decision. The Appeals Council may also remand a case in which additional evidence is needed or additional action by the administrative law judge is required."). If the Appeals Council denies review of the hearing decision, or grants review and issues its own decision, the administrative review process is complete, and the claimant then may seek judicial review of an adverse decision. 20 C.F.R. § 416.1481.

Gibbons' Complaint does not clearly describe what aspect or portion of the SSA's decision Gibbons would like to challenge in this lawsuit. In his Complaint, Gibbons alleges that on March 5, 2014, he received an award notice from the Commissioner stating that because Gibbons met the non-medical rules applicable to his SSI application, he was entitled to SSI benefits. Pl.'s Compl., ECF 2 at 9. Gibbons also alleges that the award notice informed him that the grant of SSI benefits may be reviewed in six to 18 months because the SSA anticipated that Gibbons' medical condition would improve. *Id.*

It appears that Gibbons does not wish to challenge the award of benefits but, instead, wishes to challenge the SSA's statement that it may in the future conduct a review of the award of SSI benefits to Gibbons. Gibbons lists doctors that may be used to determine if Gibbons'

PAGE 6 – OPINION AND ORDER

medical condition has improved and argues that certain medical evidence he provided to the SSA was not properly considered in the SSA's finding that Gibbons' medical condition could improve in six to 18 months.

Gibbons' Complaint is facially deficient for two reasons. First, to the extent that Gibbons is challenging the March 5, 2014 award of benefits, Gibbons does not allege that he presented his challenge to the Commissioner. *See Kildare*, 325 F.3d at 1082. Given how recently the Commissioner granted Gibbons SSI benefits, the Court notes that it is highly unlikely from a temporal standpoint that Gibbons exhausted his administrative remedies. Second, to the extent Gibbons is challenging the speculative, potential future review of his SSI benefits, the Court cannot review Gibbons' claim because there is no final decision of the Commissioner on whether those benefits will change. *Id.*

Pursuant to Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Because there is no final decision of the Commissioner available for review under 42 U.S.C. § 405(g), Gibbons' claim under the Social Security Act is dismissed without prejudice and with leave to amend. If Gibbons is requesting judicial review of a social security determination, he must specify exactly what ruling he wishes reviewed, what portions of the ruling are in error, and the reasons that they are in error. Moreover, the Court will only have jurisdiction over Gibbons' claim after he exhausts his administrative remedies by first challenging within the SSA the ruling that Gibbons wishes reviewed.

**B. Federal Tort Claims Act**

"The FTCA effects a limited waiver of sovereign immunity to allow certain common law tort claims to proceed against the United States." *Tritz v. U.S. Postal Serv.*, 721 F.3d 1133, 1140 (9th Cir. 2013). Federal courts only have jurisdiction over claims under the FTCA after a

PAGE 7 – OPINION AND ORDER

plaintiff has exhausted the claim by submitting it to the appropriate federal agency within two years after the claim accrued. *Id.*; *Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995); 28 U.S.C. § 2675(a). Because the exhaustion requirement is jurisdictional, it "must be strictly adhered to. This is particularly so since the FTCA waives sovereign immunity. Any such waiver must be strictly construed in favor of the United States." *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992) (citations and quotation marks omitted).

Under the FTCA, the plaintiff has the burden of pleading compliance with the administrative exhaustion requirement. *Tritz*, 721 F.3d at 1140; *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the complaint." (citation omitted)). Where a complaint is deficient, the court may dismiss the FTCA allegation with leave to replead or dismiss the case and enter judgment if it "clearly appears that the deficiency cannot be overcome by amendment." *Tritz*, 721 F.3d at 1140 (citing *Gillespie*, 629 at 640).

Pursuant to 28 U.S.C. § 1915(e)(2), the Court dismisses with prejudice Gibbons' allegations against ALJ Hartford and ALJ Clark. Gibbons' Complaint names ALJ Hartford and ALJ Clark as parties and then broadly alleges that Defendants in this case are liable for various physical injuries and monetary damages. ALJ Hartford and ALJ Clark, however, are immune from civil liability under the FTCA for judicial actions taken within the jurisdiction of their courts.[2] *See Butz v. Economou*, 438 U.S. 478, 513-14 (1978); *see also Buckwalter v. Nev. Bd. of Med. Exam'rs*, 678 F.3d 737, 740 (9th Cir. 2012).

---

[2] Gibbons also may not plead a claim against ALJ Hartford or ALJ Clark regarding a challenge to a determination by the SSA because such claims are properly directed against the

PAGE 8 – OPINION AND ORDER

The Court also dismisses with prejudice Gibbons' claims against Oregon Attorney General Ellen F. Rosenblum and the Oregon Department of Human Services. The FTCA permits claims for certain negligent or wrongful actions committed by *federal* employees within the scope of their duties. 28 U.S.C. § 1346(b)(1). The FTCA defines an "employee of the government" to include, as relevant here, "officers or employees of any federal agency . . . and persons acting on behalf of a federal agency in an official capacity . . . ." 28 U.S.C. § 2671. Whether an individual is an employee of the United States for the purposes of the FTCA is determined by federal law. *See Logue v. United States*, 412 U.S. 521, 528 (1973). The relevant test to determine if an individual is acting on behalf of a federal agency as an "employee of the government" is whether the United States had the "authority to control and supervise the 'detailed physical performance' and 'day to day operations' of" that individual. *Carrillo v. United States*, 5 F.3d 1302, 1304 (9th Cir. 1993).

In his Complaint, Gibbons alleges that he arrived in Oregon and petitioned the Governor's office for a "different disability determination[.]" Pl.'s Compl., ECF 2 at 15. He adds that the "local social security administration office assisted Plaintiff" with his application. *Id.* He then asserts that Attorney General Rosenblum and the State of Oregon employed Defendants. Gibbons does not allege, however, facts that establish that Attorney General Rosenblum or Oregon Department of Human Services took any action regarding his SSI application, let alone an action as a federal employee or agent of the United States. Further, the other medical professionals listed in Gibbons' Complaint are associated with Gibbons' SSI application, which he states was handled by the local SSA office and not the State of Oregon. Therefore, Attorney

---

Commissioner. *See* 42 U.S.C. § 405(g); *see Butler v. Apfel*, 144 F.3d 622, 624 (9th Cir. 1998) (noting that the Commissioner is the proper defendant in a claim under the Social Security Act).

PAGE 9 – OPINION AND ORDER

General Rosenblum and Oregon Department of Human Services cannot be liable in this case under the FTCA and the claims against them are dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Regarding Gibbons' remaining allegations, Gibbons does not allege compliance with the FTCA's administrative exhaustion requirement. The Court thus lacks jurisdiction to entertain Gibbons' tort claims. Gibbons' claims under the FTCA against all remaining Defendants are dismissed without prejudice and with leave to amend and replead facts that establish that this Court has jurisdiction.

## CONCLUSION

The Court GRANTS Gibbons' motion to proceed *in forma pauperis* (ECF 1). Gibbons' Complaint (ECF 2), however, fails to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915(e)(2). The Court DISMISSES WITH PREJUDICE Gibbons' claims against Defendants Lloyd E. Hartford, David E. Clark, Ellen F. Rosenblum, and Oregon Department of Human Services. The Court DISMISSES WITHOUT PREJUDICE and with leave to amend Gibbons' claims under the Social Security Act and FTCA against the remaining Defendants. The Court DENIES AS MOOT Gibbons' motion to grant temporary relief (ECF 3). The Court GRANTS IN PART and DENIES IN PART Gibbons' motion to supplement record and amend (ECF 4), specifically granting Gibbons the opportunity to amend his Complaint pursuant to this Order and Opinion and denying as moot his request to submit medical records and information.

**IT IS SO ORDERED**.

DATED this 12th day of May, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge