IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TODD ROY GIBBONS**, | Case No. 2:14-cv-00709-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **CAROLYN W. COLVIN**, Commissioner of Social Security**,** | |
| Defendant. | |

Todd Roy Gibbons, P.O. Box 141, Ontario, OR 97914. Plaintiff *pro se*.

S. Amanda Marshall, United States Attorney, and Ronald K. Silver, Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97201; John C. Lamont, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Todd Roy Gibbons brings a number of claims against the Commissioner of the Social Security Administration ("Commissioner"). The Commissioner moves to dismiss Gibbons's amended complaint for failure to state a claim and for lack of subject matter jurisdiction. For the reasons below, the Commissioner's motion is granted.

PAGE 1 – OPINION AND ORDER

**STANDARDS**

**A. Failure to State a Claim**

A complaint may be dismissed for failure to state a claim when it contains is no cognizable legal theory or insufficient factual allegations to support a claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). But to be entitled to a presumption of truth, the complaint must do more than simply allege legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The plaintiff "may not simply recite the elements of a cause of action, but must [provide] sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Furthermore, the underlying factual allegations must "*plausibly* suggest an entitlement to relief." *Baca*, 652 F.3d at 1216 (emphasis added). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

**B. Lack of Subject Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction" and there is a presumption "that a cause [of action] lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In a social security case, subject-matter jurisdiction is governed by 42 U.S.C. § 405(g), which limits judicial review to a "final decision of the Secretary made after a

hearing." § 405(g); *see Califano v. Sanders*, 430 U.S. 99, 108 (1977); *Hoye v. Sullivan*, 985 F.2d 990, 991 (9th Cir. 1993).

### C. Pro Se Plaintiffs

*Pro se* plaintiffs do receive some special dispensation. A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A *pro se* litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation and internal quotation marks omitted). But even a *pro se* plaintiff must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## BACKGROUND

Todd Roy Gibbons was last insured for purposes of social security disability insurance benefits on December 31, 2008. In January 2009, with the assistance of counsel, Gibbons filed concurrent Title II and Title XVI applications for disability benefits. In December 2010, an ALJ issued a final decision finding Gibbons not disabled through the date of the decision. The Appeals Council declined to review his case on February 2, 2012, starting the 60-day period to file for judicial review in federal court. *See* 42 U.S.C. § 405(g). Gibbons never sought review of that decision.

In May 2013, no longer represented by counsel, Gibbons again filed concurrent Title II and Title XVI applications for disability benefits. This time, he alleged that he became disabled on January 2, 2009—after his date last insured. Accordingly, his Title II claim was immediately denied. But because eligibility for Title XVI benefits does not require insured status, his Title XVI claim remained pending. 42 U.S.C. § 1381a.

In June 2013, Gibbons requested a hearing before an ALJ. The reason for his request was unclear, but the ALJ discerned two possible interpretations. If it were interpreted as a challenge to the denial of his 2013 Title II claim, the ALJ reasoned that Gibbons plainly did not have insurance for that claim and that it was in any case barred by res judicata. As a request to reopen the administratively final 2010 decision, the ALJ determined that Gibbons did not meet the conditions for reopening. Accordingly, the ALJ dismissed the request. On February 11, 2014, the Appeals Council declined to review the ALJ's dismissal. On March 5, 2014, Gibbons's Title XVI claim was granted and Gibbons began receiving supplemental security income benefits.

On April 28, 2014, Gibbons filed a complaint in this Court, seeking review of the ALJ's dismissal and asserting a number of other claims. Gibbons's complaint was dismissed for failure to exhaust administrative remedies and lack of subject-matter jurisdiction. On May 29, Gibbons filed an amended complaint, which is the subject of this motion to dismiss.

## DISCUSSION

The Commissioner argues, first, that Gibbons failed to state a claim because he did not allege that he is seeking review of a final decision of the Commissioner of Social Security. Gibbons did, however, allege that he "has requested numerous in person hearing[s] [and] has been denied," and that he "appl[i]ed for [disability benefits] and was denied." Dkt. 7 at 2. Construing his amended complaint liberally, as this Court is required to do, Gibbons has adequately alleged that he seeks review of the ALJ's 2013 decision.

Next, the Commissioner argues that the Court lacks subject-matter jurisdiction over Gibbons's claim. The Social Security Act does not supply the federal district courts with jurisdiction to review decisions of the Commissioner that are not "final." 42 U.S.C. § 405(g). Decisions that are "purely discretionary" are "not 'final' decisions within the meaning of § 405(g)." *Taylor v. Heckler*, 765 F.2d 872, 877 (9th Cir. 1985). A decision not to reopen a prior

PAGE 4 – OPINION AND ORDER

final decision is one such purely discretionary decision that is not reviewable in this Court. *See id.* Thus, the Court lacks subject-matter jurisdiction to review the Commissioner's decision not to reopen the 2010 decision.

On the other hand, the principles of res judicata are far from an unlimited grant of discretion to the Commissioner. *See Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988) (outlining the rules for res judicata in social security cases). And the Commissioner has cited no other authority for the proposition that a decision on res judicata grounds is not "final" in the sense of § 405(g). Indeed, federal courts frequently review decisions of the Commissioner that a prior determination of non-disability is res judicata over a new claim. *See, e.g.*, *Gregory v. Bowen*, 844 F.2d 664, 666 (9th Cir. 1988); *Chavez*, 844 F.2d at 693-94; *Taylor*, 765 F.2d at 876-77.

But the Court need not review the Commissioner's application of res judicata here, because the Commissioner's first reason for dismissing Gibbons's 2013 Title II claim is sufficient to dispose of this case. Gibbons was last insured on December 31, 2008. His 2013 application alleges that he became disabled *after* that date—on January 2, 2009. His Title XVI claim was granted on the basis of this disability. But a Title II claim requires that the claimant, in addition to being disabled, have disability insurance on the date of the alleged onset of disability. *See* 20 C.F.R. § 404.101. Because Gibbons did not have disability insurance on January 2, 2009, his Title II claim was properly dismissed.

In addition to seeking review of the Commissioner's decision, Gibbons's amended complaint alleges "[other] violations of the Administrative Procedure Act" and "judicial misconduct," but without sufficient underlying factual allegations to state a claim for relief. *Cf. Iqbal*, 556 U.S. at 678-79. Because it is not "absolutely clear" that this deficiency cannot be

cured by amendment, the Court dismisses this claim without prejudice. *Cf. Karim-Panahi*, 839 F.2d at 623.

Gibbons also alleges that he has not received his Title XVI benefits for May 2014, but even construing his pleadings liberally, he does not allege that he has exhausted his administrative remedies or that there is a final decision of the Commissioner for this Court to review. Accordingly, the Court does not have subject-matter jurisdiction over this claim. *Cf.* 42 U.S.C. § 405(g). The Court dismisses this claim without prejudice as well, but to cure it by amendment, Gibbons will need to pursue remedies through the administrative process until he receives a final decision from the Commissioner.

## CONCLUSION

The Commissioner's motion to dismiss (Dkt. 30) is GRANTED. Gibbons's amended complaint (Dkt. 7) is DISMISSED WITH PREJUDICE as concerns the Commissioner's 2013 decision. Gibbons's amended complaint is DISMISSED WITHOUT PREJUDICE as concerns his other claims. Gibbons's motion to submit sealed medical and health information (Dkt. 31), motion to order Defendant to submit all administrative records (Dkt. 32), motion to supplement request for admissions (Dkt. 36), motion for protection (Dkt. 39), motion for order (Dkt. 40), and motion to order both parties to oral argument (Dkt. 41) are DISMISSED as moot. The Commissioner's motion for a protective order (Dkt. 38) is also DISMISSED as moot.

**IT IS SO ORDERED**.

DATED this 2d day of March, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge